O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITA L. CARTER,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>  Defendant. | CASE NO. CV 06-02188 RZ<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff sought disability benefits based on complaints of fibromyalgia, irritable bowel syndrome and depression. (She presented similar complaints in a prior claim, but it was denied administratively in October 2001 and she never appealed.) Because none of Plaintiff's arguments for reversal of the underlying denial of benefits is persuasive, the Court will affirm.

**I.**

**DISCOUNTING OF TREATING PHYSICIAN'S OPINION**

Plaintiff asserts that the Administrative Law Judge improperly rejected the 2003-04 views of a treating neurologist, Brian Huh, M.D., in favor of other medical sources. An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons

for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). The Administrative Law Judge satisfies this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings reasonably supported by that evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, an "ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the Administrative Law Judge's decision preferring the consistent opinions of several other doctors over the outlying opinion of Dr. Huh satisfies the foregoing rules. As suggested by *Magallanes*, the opinion includes a detailed and thorough summary of the key clinical evidence, followed by the Administrative Law Judge's interpretations and findings, which enjoy substantial evidentiary support. *See* Administrative Record (AR) 14-17. The Administrative Law Judge primarily relied on the records and June 2002 opinion of examining orthopedist Anh-Tat Hoang, M.D., who recorded Plaintiff's subjective complaints of great pain but found her to have only mild symptoms, "well controlled with medication." *See* AR 13 (*citing* AR 161-66). Dr. Hoang opined that Plaintiff could perform a full range of medium work, with no postural or manipulative restrictions. AR 165. A March 2002 MRI of Plaintiff's lumbar spine showed no abnormalities, AR 150, supporting Dr. Hoang's rather hale assessment of her; a June 2003 MRI showed some "disc desiccation" but no major abnormalities. AR 245.

The Administrative Law Judge also relied on the July 2002 assessment by state agency physicians, AR 192-99, who expressly found "Clmt's <u>reported</u> limitations <u>not</u>" consistent with their objective observations, AR 197 (emphasis in original); *see* AR 193 (recording Plaintiff's subjective complaints), and concluded she was capable of the full range of medium work. (The underlying opinion also summarized the views of psychiatrist Gennady Musher, M.D., although those views do not appear directly related to Dr. Huh's.)

The Administrative Law Judge ultimately adopted a more conservative view of Plaintiff's abilities, finding she was capable of a limited range of light work, rather than the full range of medium work. *See* AR 15.

After summarizing the foregoing reports in his opinion, the Administrative Law Judge summarized Dr. Huh's subsequent reports and explained why he (the judge) found them unpersuasive:

> In a report dated in October 2003, Brian Huh, a neurologist[,] noted that the claimant suffers form [*sic*] peripheral neuropathy, lumbar nerve compression, chronic fatigue syndrome and myofascial pain syndrome.  Dr. Huh found that based on his evaluation of the record, Ms. Carter would miss work more than three times a month.  He found that the most severe limitations would be related to vertigo, fatigue and brain fog.  The undersigned finds that the initial assessment report showed the claimant's symptoms not [supported by] any objective physical status findings other than the unsupported conclusion that the claimant maintains the inability to perform the activities of daily living and extreme limitation in her functioning.  Additionally, [a] laboratory report showed antinuclear antibodies (ANA) level was not positive[,] and the pressure points regarding the claimant's fibromyalgia were not identified.  In fact, it appears Dr. Huh did not review the MRI findings dated in March 2002 and June 2003, which revealed no significant abnormalities ([AR 150, 245]).  Therefore, the undersigned finds the above reports [by Dr. Huh] to be completely devoid of any objective findings and thus thoroughly conclusory and without evidentiary weight.

AR 13. In addition, the Administrative Law Judge found Plaintiff's subjective account of her symptoms to be exaggerated. (Although Plaintiff challenges this finding, the Court concludes it is sound, as discussed below.) This provides further support for discrediting Dr. Huh's opinion, which relied substantially on Plaintiff's subjective complaints. In sum, even if other interpretations of the medical evidence were possible, the Administrative Law Judge's explanation for preferring other examiners' views over that of Dr. Huh was legally sound and supported by substantial evidence.

In a corollary to this argument, Plaintiff asserts that a hypothetical question posed to the vocational expert was incomplete because it failed to include the sorts (and degrees) of impairments found by Dr. Huh. Because it was not improper to discount Dr. Huh's findings, however, it also was not improper to exclude such findings from the hypothetical question.

## II.
## PLAINTIFF'S CREDIBILITY

Plaintiff claims that the Administrative Law Judge improperly found her subjective account to be less than fully credible. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

The Administrative Law Judge complied with the *Bunnell* standard by stating multiple reasons, supported by substantial evidence, for finding Plaintiff's account of her subjective symptoms not fully credible:

Although the claimant may suffer some pain and symptoms from her condition, the undersigned finds that the record does not support her allegations [as to the degree of pain and mental problems]. The claimant presents herself as being much worse than that which is contained in the record. As previously noted, the claimant has alleged problems with anxiety and depression. Nonetheless, the claimant has never required any hospitalization for her mental condition. Additionally, the claimant has alleged severe fibromyalgia and irritable bowel syndrome. However, the record fails to indicate that the claimant has sought or received any regular treatment for fibromyalgia and irritable bowel syndrome or that these conditions resulted in any significant functional limitation. It is reasonable to assume[,] if the claimant's mental condition or physical problems were as disabling as alleged[,] that she would seek more aggressive treatment to improve her alleged impairments. Hence, the claimant's failure to seek more aggressive treatment for her condition detracts from her credibility and indicates that she is exaggerating the severity of her pain and symptoms. Furthermore, the record indicates that the claimant's laboratory report showed ANA level was not positive and pressure points regarding the claimant's alleged fibromyalgia were not identified.

> . . . Since symptomatology can range widely, the credibility of the claimant is the significant limiting factor. Accordingly, while none of the above factors are conclusive by themselves, after a review of the entire record, the undersigned

>finds that the claimant's allegations are not fully credible to the extent alleged.

AR 14-15.

Among the specific and legitimate reasons, supported by substantial evidence, cited by the Administrative Law Judge are Plaintiff's pursuit of more-conservative treatments than her subjective assertions would suggest; and the medical reports of several examiners, which not only showed a lack of supporting objecting evidence, but also affirmatively showed Plaintiff was far less hindered by mental and physical impairments, including the side effects of medication, than she alleged. That there may be other interpretations of a claimant's testimony and behavior that are reasonable, as Plaintiff argues, does not mean that the Administrative Law Judge erred. As long as his interpretation is reasonable and supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). The underlying opinion satisfied the requirements for discounting Plaintiff's credibility. (Plaintiff's separately-stated argument challenging the Administrative Law Judge's finding about the subjectively-reported side effects of her medications, *see* Pl.'s Mem. at 7, fails for the same reasons.)

### III.
### *RES JUDICATA*

Plaintiff asserts that the Administrative Law Judge improperly found that she failed to overcome the presumption of continuing non-disability. Although *res judicata* bars re-litigation of a disability determination concerning an earlier period of time, it does not do so invariably for a new disability application focused on a later period of time. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). Rather than creating preclusion, a prior adverse decision creates a presumption, a presumption of continuing nondisability, which the claimant can rebut through changed circumstances. *Taylor v. Heckler*, 765 F.2d 872,

875 (9th Cir. 1985). The claimant has the burden of showing such changed circumstances. *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989); *Taylor, supra*. Such changed circumstances can consist of an increased severity of an impairment which was previously considered, *Taylor, supra*, or of a *different* impairment from the one considered when the prior nondisability determination was made, *Gregory, supra*, or of the passage of time which thereby changes the vocational classification appropriate for a person of a certain age, *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Here, Plaintiff's submissions must show a material worsening of circumstances since October 21, 2001, the date of the prior administrative denial.

Here, the "new evidence" to which Plaintiff points is unavailing, for at least three reasons. First, Plaintiff principally relies on the reports of Dr. Huh, *see* Pl.'s Mem. at 3-4, but the Court already has determined that discounting those reports was not error. Second, as the Appeals Council noted, Plaintiff also appears to rely on large portions of the record that are duplicates of other exhibits which the Administrative Law Judge properly considered without error. *See id.*; AR 5 (Appeals Council comment); *see also* AR 284-310, 316-20 (duplicate exhibits). Third and finally, also as pointed out by the Appeals Council, part of the "new" evidence, namely reports from Rosabel Ribares Young, M.D., M.S., pertains to a period preceding the prior administrative denial in October 2001, which denial Plaintiff did not appeal. *See* AR 5, 311-15. Even if error occurred, moreover, Plaintiff's submissions fail to show that there is a reasonable possibility that the cited evidence would change the outcome, were the Court to order a remand. *See Booz v. Secretary of Health and Human Svcs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

## IV.
## IMPAIRMENTS IN COMBINATION

Plaintiff asserts that the Administrative Law Judge failed to consider her impairments in combination. This argument, which appears to rely primarily on Dr. Huh's reports again, is belied not only by the rather thorough summary of the medical evidence

noted above, but also by the fact that the sole hypothetical question posed to the vocational expert included all of the impairments found by the Administrative Law Judge. *See* AR 357, 359. Plaintiff of course challenges the hypothetical's completeness, but the Court already has rejected that argument.

## V.
## RESIDUAL FUNCTIONAL CAPACITY

Plaintiff's remaining argument, that the Residual Functional Capacity finding was improper, hangs upon the success of several of her foregoing arguments, most centrally that it was error to reject Dr. Huh's opinion. Because those arguments are unpersuasive, she cannot succeed on this one either.

## VI.
## CONCLUSION

For the foregoing reasons, the decision is affirmed.

DATED:   July 18, 2007

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE